## ROBERT a. DONNELL.

*New York Common Pleas; General Term, May,* 1860.

### APPEAL IN MARINE COURT.—UNDERTAKING.

On appeal in the New York Marine Court, from a single judge to the general term, no undertaking is necessary.

An undertaking on appeal to answer for the debt of another, but expressing no consideration, is void, unless given pursuant to the requirements of statute.

Appeal from a judgment.

The action was brought on an undertaking given by defendants as sureties on an appeal taken by their principal from the decision of a single judge ·to the general term, in an action in the New York Marine Court. The appeal was dismissed; and the respondent brought the present action against the sureties in the undertaking. Defendants had judgment, and the plaintiff appealed.

By THE COURT.—HILTON, J.—The instrument sued on being an undertaking of the defendants to answer for the debt of another, and, expressing no consideration upon its face (2 *Blackst.*, 158), its validity as an obligation must depend upon its being shown to have been given in the form prescribed by, and pursuant to, the requirements of some statute. (Slack *a.* Heath, 4 *E. D. Smith*, 95.)

It appears to have been given upon an appeal taken to the general term of the Marine Court from a judgment entered by the direction of a single justice of that court; and it is insisted that upon such an appeal an undertaking of this kind is required by the provisions of section 5, of " an act in relation to the Marine Court," passed July 1, 1853 (*Laws of* 1853), which declares that such appeals may be taken " in the same manner, and with the like effect as appeals in the Supreme Court, from the decision of a single judge to the general term," and it is upon the meaning of this language that the right of the plaintiff to recover, must depend.

The Code indicates the manner of taking such appeals in the Supreme Court, and their effect when taken ; and to its provisions we must therefore look for the purpose of determining the intent of the Legislature in adopting the section of the Marine Court act referred to.

By referring, then, to the Code, it will be seen that section 327 prescribes the manner of taking such an appeal, which is by serving a notice in writing upon the adverse party, and on the clerk, stating the appeal to be from the judgment or some part thereof. Section 332 requires this to be done within thirty days after written notice of the judgment shall have been given to the appealing party, and sections 329 and 330, state the effect of such an appeal to be, to bring the judgment before the appellate tribunal, when it may be reversed, affirmed, or modified.

Nothing is thus far said about an undertaking, or, indeed, is any required upon such an appeal, unless the appellant desires a stay of proceedings upon the judgment, which may be obtained by an order of the court or judge, without any security whatever, under section 348, or by giving an undertaking in form like the one upon which this suit is brought.

It is thus apparent that the giving of security is in no proper sense a part of the appeal; it is neither connected with the manner of taking it, nor its effect when taken, nor is it necessary to be given to procure a review of the judgment, the appeal being perfect without it.

For these reasons I think the undertaking sued upon does not fall within the requirements of any statute, and is, therefore, of no binding force as an obligation.

I am aware that Judge Mitchell, in delivering the opinion of

the Court of Appeals, in the case referred to by Brother Brady, uses the language he ascribes to him; but it was merely *dicta*, expressed evidently without an examination of the sections of the Code to which I have referred, and in no way connected with the question before the court for its determination.

Judgment should be affirmed.

BRADY, J. (dissenting).—The judgment in this case should be reversed. By the act of 1853, relating to the Marine Court (*Laws of* 1853, p. 1165, § 5), an appeal may be taken from a judgment entered by the direction of a single justice of that court, to the justices thereof at a general term, in the same manner and with the like effect as appeals in the Supreme Court from the decision of a single judge to the general term. Section 348 of the Code regulates the manner of taking, and declares the effect of, an appeal from a judgment entered upon the direction of a single justice of the Supreme Court to general term. The manner of taking the appeal is twofold, viz., one by service of a notice on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same, or some specified part thereof; and the other is by giving these notices, and also the security required by section 348 of the Code. The effect of the appeal depends upon the manner in which it is taken. If taken without giving security, the effect is to secure the right to have the judgment reviewed by the general term only, but if the security be given, the effect is not only to secure the right of review, but to stay the proceedings pending the appeal. If an appeal to the general term of the Marine Court may be taken in the same manner as an appeal from the judgment of a single justice of the Supreme Court to the general term of that court, then security may be given, and with the like effect. The words, in the same manner and with the like effect, if they mean any thing, mean that the appellant on giving the security provided for in section 348, shall have a stay of proceedings until his appeal is determined. Such is the construction which the Court of Appeals seem to have given to the act under which the appeals to the general term of the Marine Court are allowed. Justice Mitchell says: " The manner relates to the mode of proceeding in effecting, on appeal, the notice and security to be given; the effect relates to the

consequences produced by the appeal, as, under what circumstances it shall operate as a stay of proceedings." People, &c., *a.* Clerk of Marine Court (3 *Abbotts' Pr. R.*, 320). If no stay can be had, then the advantage of an appeal may be wholly lost to the appellant. The prevailing party may be irresponsible, and the judgment being enforced, though subsequently reversed, the appellant would be remediless or defeated upon the execution. By analogy, it would appear to be entirely adverse to the spirit of the act providing for the appeal to the general term of the Marine Court, that the appellant could not even by giving security obtain a stay of proceedings. A stay is universal where the right of review is granted, subject only to certain conditions upon which it depends, and which, in civil cases, are generally that the appellant shall give a bond or undertaking, and that the sureties who sign it shall be responsible. No objection to the form of the undertaking given in this case was urged, upon the argument; and as the undertaking was authorized by statute, and operated as a stay of proceedings, the plaintiff was entitled to judgment, unless the sureties were discharged. This is my view of the validity of the undertaking prosecuted in this action. It is said, however, that the appeal was dismissed on the application of the respondent, and that the sureties are therefore discharged if the undertaking be valid. The order dismissing the appeal was made by one of the justices of the Marine Court sitting alone. I find no authority for this act. The Marine Court is a mere creature of the statute, and is incapable of exercising any power not specially conferred. The authority to entertain appeals is given to the justice at a general term thereof, and they only, sitting as a general term, have the right to dismiss an appeal. The statute creating the general term of the Marine Court is a bald statute, and an anomaly in the organization of the courts of this State. No power is given by it to regulate the practice in reference to appeals, or to establish any rules by which they shall be heard or disposed of. It provides for appeals to the justices *at a general term*, and not to the general term of the court, a peculiarity of phraseology indicating the intention of the Legislature not to confer upon that court the power exercised by superior courts of record. The general term must possess the power, however, of disposing of appeals, either for irregularity or otherwise, because that authority

is indispensable in the administration of justice; but that juris-
diction cannot be delegated to one justice. The statute has not
authorized such a proceeding; and being unauthorized, the act
of one of the justices in dismissing the appeal in that court was
a nullity, and constitutes no defence to this action. The evidence
given by parol, to show that the order dismissing the appeal was
made by one of the justices sitting alone, was properly received.
It did not tend to vary or contradict the order, but supplied a
defect or omission patent on the face of it.

I think the judgment should be reversed.

Judgment affirmed.